*Jr.,* for appellees.

S90A1296. MARTA v. KUCERA et al.
S90A1297. SCHWAB v. KUCERA et al.
(400 SE2d 314)

FLETCHER, Justice.

In 1971 the citizens of DeKalb County approved a referendum for the east line of the MARTA rail system through Decatur. Because the line was to run parallel to Sycamore Street, an area eligible for inclusion in the National Register of Historic Places, MARTA was required to study proposals to minimize the impact of the rail line in this area in order to be eligible for federal funding. The results of these studies were the "§ 4 (f)" Statement prepared in conjunction with the Department of Transportation pursuant to 16 USCA § 470 (f), and the "§ 106" Statement prepared pursuant to § 106 of the National Historic Preservation Act. These documents analyzed feasible alternatives to the use of the land in question, and offered plans to minimize impact on the houses remaining in the historical area. The trial court found, and it is not disputed, that these documents contained certain legally binding promises by MARTA regarding the property in question.

Prior to construction MARTA acquired title to seven residential parcels on the south side of Sycamore Street. The houses located on these lots were either destroyed or relocated to make way for the rail line. The rail line bisected these lots in an east-west line, creating a triangular, one-acre parcel to the north of the rail line which, for internal purposes, MARTA designated D-1092, and another four-acre parcel to the south of the rail line which MARTA designated D-1090.

Under the § 4 (f) and § 106 agreements, MARTA committed to develop the parcel north of the rail line, D-1092, into a park. This has been accomplished, and the park has been donated to the City of Decatur. Fifteen months after MARTA sold D-1090 to appellant Schwab, appellees, residents of Sycamore Street, filed this action to set aside the deed, maintaining that the § 4 (f) and § 106 agreements require MARTA to donate D-1090 to the City of Decatur as well. The trial court concluded that the documents are ambiguous with regard to this issue, but after hearing parol evidence, determined that MARTA is required to donate the property. The trial court held that the deed must be set aside. We disagree that the documents are ambiguous and reverse.

1. The § 4 (f) and § 106 agreements did not designate the parcels in question as D-1090 and D-1092. However, because these references were used below, we will employ them here.

At the time the documents were drafted, there was no public access to the parcel south of the rail line, designated D-1090;[1] the only access was through the backyard of one of the residences left on the south side of Sycamore Street. Parcel D-1090 is bounded on the south by the Georgia Railroad, and on the north by the MARTA rail line.

The Preliminary Case Report, which is a binding part of the § 106 Agreement, provides that a retaining wall will be added "on the north side of [MARTA's] tracks." In describing the effect the retaining wall would have on the remaining property, the Case Report provides,

> In the final state, there would be more usable land remaining between Sycamore Street and the top-of-slope to act as a buffer for the residences on the north side of the street. MARTA is willing to donate this land to the city for use as a park to serve the neighborhood.

It is not disputed that this language refers to the triangular parcel, D-1092, located to the north of the rail line which has been donated to the City of Decatur.

Elsewhere, the Preliminary Case Report states,

> The removal of houses on the south side of Sycamore will result in a triangular patch of land, bordered by a retaining wall.

*Suggested Mitigation*

> So as to retain the unique character of Sycamore Street as much as possible, it is proposed that the area remaining after removal of the houses be turned into a landscaped park-like area. Map Set 3 shows the tree transplanting plan for the area. As noted above, areas needed temporarily will be returned as much as possible to present conditions.

It is not disputed that the reference to the "triangular patch of land" is D-1092 which has been donated as a park. Appellees argue, however, that an ambiguity is created by the language: "the area remaining after removal of the houses [will] be turned into a landscaped park-like area." Appellees maintain that this language includes not only the triangular parcel to the north of the rail line, but also all land owned by MARTA to the south of the rail line, or D-1090.

---

[1] Following Schwab's purchase of D-1090, the City of Decatur rezoned the parcel and granted permission for access to a public road.

We find that the isolated language clearly refers only to the "triangular patch of land," or D-1092. Further, the tree-transplanting area shown by Map Set 3 is in the "triangular patch," D-1092, and not in the area at issue, D-1090. It is undisputed that no trees were transplanted to parcel D-1090.

As there is no "indistinctness [or] uncertainty of meaning or expression" in this language, it is not ambiguous. *Salvatori Corp. v. Rubin*, 159 Ga. App. 369 (283 SE2d 326) (1981).

2. In describing what would be visually altered in the Sycamore Street area by construction of the rail line, the Case Report states

> The south side of the Sycamore Street Historic District will be visually changed, from residential to open-park space. There will be little visual impact from the [rail] system itself, because in the . . . District, the line will be in subway and then in a retained cut.

Appellees argue that the words "open-park" in this context create an ambiguity with regard to MARTA's obligation to turn D-1090 into a park and donate it to the City of Decatur. This language is descriptive only. It places no obligation on MARTA to donate any property to the City of Decatur, nor does it place any restrictions on MARTA's right to convey the property.

3. In describing the impact of the rail line on the Sycamore Street area, the § 4 (f) Statement provides,

> The Sycamore Historic District is bordered on the south side by the mainline of the Central of Georgia Railroad. The MARTA rail line that is not in subway will nearly parallel these tracks and therefore will not isolate any part of the district from its surroundings.

The appellees maintain that this language contemplates a continuum of green space which would include parcel D-1090. Thus, they argue, the language creates an ambiguity as to whether MARTA intended to donate D-1090 as a park.

However, this argument overlooks the fact that MARTA trains run under those lots which had houses removed to make way for the rail line. Thus, as the quoted language recognizes, there are no houses remaining in this area to be isolated by the rail line. We reject the appellees' argument that this language creates an ambiguity in the agreements. *Salvatori*, supra.

4. The trial court found that the documents are ambiguous because MARTA failed to list as an adverse impact its intention to sell D-1090. However, the fact that this parcel is not specifically referred to does not in and of itself create an ambiguity in the agreements.

The record shows that not every adverse impact was listed in the documents.

The salient point is that there is no requirement in these agreements that the land which comprises parcel D-1090 be donated by MARTA as a park. Likewise, neither these agreements nor any other instruments under which the property was acquired by MARTA restrict MARTA's right to convey the property. We have closely examined the § 4 (f) and § 106 Agreements and find no ambiguity. Therefore, the judgment of the trial court must be reversed.

*Judgment reversed. Clarke, C. J., Smith, P. J., Bell, Hunt, Benham, Fletcher, JJ., and Judge G. Mallon Faircloth concur; Weltner, J., not participating.*

DECIDED JANUARY 31, 1991 —
RECONSIDERATION DENIED MARCH 1, 1991.

*Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr.,* for appellant (case no. S90A1296).

*Hurt, Richardson, Garner, Todd & Cadenhead, Henry D. Fellows, Jr., Thomas O. Davis,* for appellant (case no. S90A1297).

*Chamberlain, Hrdlicka, White, Johnson & Williams, George L. Murphy, Jr., Richard N. Hubert,* for appellees.